IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMES DALTON BELL** | : | CIVIL ACTION |
| v. | : | |
| **UNITED STATES OF AMERICA, et al.** | : | NO. 07-cv-5161 |

### **MEMORANDUM AND ORDER**

The Antiterrorism and Effective Death Penalty Act of 1996 (commonly known as "AEDPA," and codified as 28 U.S.C. §§2241-2266) deals with the right of all persons in state custody, or in federal custody, to file a petition in a federal court seeking the issuance of a writ of habeas corpus. In the context of prisoners in federal custody, if such a writ of habeas corpus is issued by a federal court, the prisoner will be released from federal custody on the grounds that certain rights accruing to that prisoner pursuant to the United States Constitution[1] have been violated; habeas corpus motions pursuant to AEDPA are the ***only*** possible means of obtaining this type of relief from federal custody.

In cases involving prisoners in federal custody, AEDPA, if it applies at all, provides for relief by means of 28 U.S.C. §2255 (in some factual situations), or by means of 28 U.S.C. §2241 (in other factual situations). Relief pursuant to 28 U.S.C. §2255 for a petitioner who is in federal custody is limited by the terms of 28 U.S.C. §2255 itself to a constitutional attack on the imposition (and not the execution) of a federal conviction and/or a federal sentence, such attack being made after the

---

[1]For the purpose of brevity, we will use the term "Constitutional" to refer not only to attacks based on alleged violations of the U.S. Constitution, but also to attacks based on any asserted federal collateral grounds for relief from custody, such as alleged violations of federal statutes and treaties involving the United States, or an alleged lack of jurisdiction by the sentencing court. Gonzalez v. Crosby, 545 U.S. 524 (2005).

1

imposition of the federal sentence.[2]

Because in federal jurisprudence, a more specific statute takes precedence over a more general statute, and because §2255 is more specific than §2241, a federal prisoner may only rely on §2241 where §2255 is inadequate to provide the type of constitutional relief sought.[3] Accordingly, a grant of relief in cases involving federal custody may only be sought pursuant to 28 U.S.C. §2241 where there is ***either:*** a constitutional attack on the execution of a federal conviction and/or sentence, and not its imposition; ***and/or,*** a constitutional attack made before the imposition of the federal sentence.

Petitioner, a federal prisoner, filed a petition in this Court on December 4, 2007 seeking Habeas Corpus relief pursuant to 28 U.S.C. §2241 and Federal Rule of Civil Procedure 60(b). Petitioner was not convicted or sentenced in the United States District Court for the Eastern District of Pennsylvania, and petitioner does not state which federal district court, if any, convicted him and/or sentenced him. Based upon what petitioner has stated, it is impossible for this court to determine whether this

---

[2] Where there is an attack on a federal conviction which does not involve a Constitutional argument, there is no right to habeas corpus relief, and the proper remedy lies in a request for a new trial pursuant to Federal Rule of Criminal Procedure 33. Ruiz v. USA, 221 F.Supp. 2d 66 (D.Mass. 2002), aff'd, 339 F.3d 39 (1st Cir. 2003). Where there is an attack on a federal sentence which does not involve a Constitutional argument, there is not right to habeas corpus relief, and the proper remedy lies in a request for a new sentence pursuant to Federal Rule of Criminal Procedure 35. USA v. Canino, 212 F.3d 383 (7th Cir. 2000).

[3] Woodall v. Federal Bureau of Prisons, 432 F.3d 235 (3rd Cir. 2005); Okereke v. United States, 307 F.3d 117 (3rd Cir. 2002); Cradle v. United States ex rel Miner, 290 F.3d 536 (3rd Cir. 2002); In Re: Dorsainvil, 119 F.3d 245 (3rd Cir. 1997).

petition should have been characterized as a 28 U.S.C. §2241, or whether it should be re-characterized as a 28 U.S.C. §2255 petition. Whereas petitioner is currently incarcerated in a federal correctional facility located in the state of Arizona, it is utterly impossible for this court to determine, based on what petitioner has submitted, whether this court has venue over this matter pursuant to either 28 U.S.C. §2255 or 28 U.S.C. §2241 (assuming that one of these two statutes apply to this case). If this court does not have venue over this matter, it is impossible for this court to determine where to transfer it to.

Accordingly, this                    Day of December, 2007, it is hereby **ORDERED** as follows.

1. Petitioner is granted *__provisional__* leave to proceed in forma pauperis in this matter for the purpose of *__this Order only__*.

2. 07-cv-5161 is **DISMISSED WITHOUT PREJUDICE**, with the provision that if the exact same petition is filed in another federal court within thirty (30) days, that it shall be considered for purposes of AEDPA's statute of limitations to have been filed on December 4, 2007.

3. The Clerk of the United States District Court for the Eastern District of Pennsylvania shall mark this matter as **CLOSED** in this court.

                    **S/ MICHAEL M. BAYLSON**
                    **MICHAEL M. BAYLSON, U.S. District Judge**